# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**SHAWNDALE WARREN**  **PLAINTIFF**
**ADC #166650**

v.  No: 3:20-cv-00380 DPM-PSH

**NATHAN WEST,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Shawndale Warren, an inmate at the Arkansas Division of Correction's North Central Unit, filed this *pro se* 42 U.S.C. § 1983 action on November 25, 2020 (Doc. No. 1). Warren was subsequently granted *in forma pauperis* status. *See* Doc. No. 5. Before docketing the complaint, or as soon thereafter as practicable, the Court must review it to identify cognizable claims or dismiss it if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. The Court has reviewed Warren's complaint and does not order service of process at this time. Instead, the Court directs Warren to file an amended complaint within thirty days to clarify his claims.

Warren alleges that he broke his jaw on May 8, 2020, and did not receive appropriate medical treatment afterwards, including surgery and follow-up examinations. Doc. No. 1 at 9-13. However, Warren does not specifically describe

*each* defendant's involvement in the violations he alleges.  For instance, he names grievance coordinator Justin Peters and Nurse Jane Doe as defendants, but does not clearly describe how they were involved in the violation of his rights.  *See* Doc. No. 1 at 9-15.  In his amended complaint, Warren should cure these deficiencies.

Additionally, in his amended complaint, Warren should describe facts he relies on to support his allegation that defendants Marjorie Hall, Dr. Robert Anderson, Dr. Jane Landrigan, Nurse Lung, and Nurse West engaged in a conspiracy to deny him appropriate medical treatment.[1]  Warren's original complaint does not allege that nurses Lung or West were involved in his medical treatment other than to diagnose him with a broken jaw.  *See id.* at 10.  Warren should also describe specific facts to support his claim that white inmates are afforded better treatment that he is because he is Black.

Warren appears to allege access-to-courts claims in his original complaint.  He should note that participation in the administrative grievance procedure alone is insufficient to establish liability under § 1983.  *See Rowe v. Norris*, 198 F. App'x

---

[1] To state a conspiracy claim, a plaintiff must plead sufficient facts to suggest a "mutual understanding" between the defendants or a "meeting of the minds." *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (dismissing a prisoner's conclusory conspiracy claim because he failed to plead specific facts suggesting a mutual understanding or meeting of the minds); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (same); *White v. Walsh,* 649 F.2d 560, 561 (8th Cir. 1981) (same).  "The factual basis need not be extensive, but it must be enough to avoid a finding that the suit is frivolous." *Smith v. Bacon*, 699 F.2d 434, 436–37 (8th Cir. 1983) (citing *McClain v. Kitchen,* 659 F.2d 870, 872 (8th Cir. 1981)).

579, 580 (8th Cir. 2006). Furthermore, to state an access-to-courts claim, a prisoner must show that he was "'not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, . . .'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). The prisoner must also show that an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* If Warren wishes to claim denial of access to the court(s), unrelated to a claim about the grievance procedure, he should do so in the amended complaint, keeping in mind the requirements contained in the above-quoted case.

The Clerk of Court is directed to send a blank § 1983 complaint form to Warren. Warren is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event he fails to file an amended complaint conforming to this order by that date, the Court will screen Warren's original complaint which may result in the dismissal of some of his claims for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 4th day of January, 2021.

UNITED STATES MAGISTRATE JUDGE