IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHAWNDALE WARREN                                                                  PLAINTIFF

V.                              NO. 3:20-cv-380-DPM-ERE

NATHAN WEST, *et al*.                                                          DEFENDANTS

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**I.    Background & Discussion**

Plaintiff Shawndale Warren, a former Arkansas Division of Correction ("ADC") inmate, filed this *pro se* lawsuit under 42 U.S.C. § 1983, claiming that he received inadequate medical care during his incarceration at the ADC's North Central Unit ("NCU").[1]

---

[1] Mr. Warren was an NCU inmate when he filed his initial and amended complaints. *Docs. 1, 9*. However, on January 27, 2022, he filed a change of address notice and provided a private, residential mailing address. *Doc. 74*.

On August 26, 2022, Chief Judge Marshall adopted a partial recommended disposition granting in part and denying in part Defendants' motion for partial summary judgment. *Doc. 79.* Mr. Warren's retaliation claims against Defendants Hall and Landrigan and medical deliberate indifference claims against Defendants Hussung and Lung were dismissed, without prejudice, for failure to fully exhaust his administrative remedies. Mr. Warren was allowed to proceed with his medical deliberate indifference and negligence claims against Defendants Landrigan, Anderson, and Hall.

On December 4, 2022, Defendants filed a motion to dismiss for lack of prosecution. *Doc. 84*. Specifically, Defendants sought dismissal because Mr. Warren failed to appear at his scheduled deposition or file a motion opposing the notice of deposition. *Doc. 85*. On December 5, 2022, the Court advised Mr. Warren that he had a right to respond to the motion but was not required to respond. Furthermore, the Court advised him that if he "fail[ed] to respond by December 21, 2022, the Court [would] rule on the motion without his input." *Doc. 86*.

To date, Mr. Warren has not responded to the December 5 order, and the time to do so has passed. The Court assumes that Mr. Warren received both Defendants' motion and the December 5 order, since they were not returned undeliverable. Under these circumstances, Defendants' motion should be granted. Additionally, Mr. Warren's case should be dismissed without prejudice for failure to respond to the

2

Court's order as required under Local Rule 5.5(c)(2) and for failure to prosecute. See *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

**II.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT Defendant's motion to dismiss *(Doc. 84)* be GRANTED and this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with Local Rule 5.5(c)(2).

Dated this 5th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE